# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **RUSS MCKAMEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-000037 |
| | ) | District Judge Aleta Trauger |
| V. | ) | |
| | ) | |
| **JUSTIN YERACE,** | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR DISCOVERY CONFERENCE

COMES NOW Plaintiff Russ McKamey, by and through undersigned counsel, and, pursuant to Local Rule 37.01 and Rules 16, 30, and 37 of the Federal Rules of Civil Procedure and the Court's inherent power to control its docket, hereby requests the Court set and conduct a discovery conference due to repeated obstruction and failures by Defendant to participate in good faith in the discovery process.

### Background

The events leading up to the intended deposition of Defendant Justin Yerace today, July 15, 2025, have been the subject of previous motions – both disposed and pending – before this Court.

Defendant appeared at the office of undersigned counsel this morning for his deposition under this Court's Order entered July 1, 2025 (D.E. 89). The deposition began at approximately 9:05 a.m. At approximately 1:45 p.m. – after an hour lunch break from 10:45 to 11:45 at Defendant's request – defense counsel instructed Defendant to leave the deposition at which

point the deposition was involuntarily suspended. Approximately only half of the seven hours allowed under Rule 30(d) had elapsed.

Leading up to defense counsel's baseless termination of Defendant's deposition, defense counsel made increasingly long speaking objections and coached Defendant's answers. A transcript is being prepared by the Court Reporter, which will be supplemented when available. In the meantime, an unofficial trasncript of some of the problematic exchanges is as follows:

| | |
|---|---|
| Plaintiff's Counsel: | In Request for Admission #14, we asked you to "admit the statements you made in the Documentary as evidenced in Paragraph 65 of the Complaint, which you admitted making in Paragraph 65 of your Answer, are true and accurate", correct? |
| Defendant: | Correct. |
| Plaintiff's Counsel: | And your response to Request for Admission #14, was "Denied with strict proof demanded thereof", correct? |
| Defendant: | Correct. |
| Plaintiff's Counsel: | You did not invoke the Fifth Amendment in response to Request for Admission #14, correct? |
| [...] | |
| Plaintiff's Counsel: | So, in your response to Request for Admission #14[1], you would agree that you are essentially saying that your statements in Paragraph 65 of the Complaint are not true, correct? |
| Defendant: | Um, correct.[2] |

---

[1] RFA #14 stated, "Please admit that the statements you made in the Documentary as evidenced in Paragraph 65 of the Complaint, which you admitted to making Paragraph 65 of your Answer, are true and accurate." Defendant responded, "Denied with strict proof demanded thereof." Paragraph 65 of the Complaint quoted the Defendant's interview-sequence from the Documentary wherein he stated how he hacked Mr. McKamey's email account by impersonating him to Yahoo email customer service.

[2] Defendant's answer here is important because it came before Defense Counsel's speaking objection about the question being confusing, which shows that Defendant understood the

| | |
|---|---|
| Defense Counsel: | Objection. That's a very confusing way to ask that question. Could you please rephrase? |
| Plaintiff's Counsel: | If you denied in Request for Admission #14 that your statements in Paragraph 65 of the Complaint are true, that is the same as saying that they are not true, correct? |
| Defense Counsel: | Objection…I'm sorry I can't understand what that question means either. |
| Plaintiff's Counsel: | Well, the question's not for you. The question's for him. Do you understand the question? |
| Defendant: | I don't even know. |
| Plaintiff's Counsel: | Ok. Don't coach the witness on the record, please. |
| Defense Counsel: | I'm not. You can't ask a question and say that "is something true is the same saying it's not true." |
| Plaintiff's Counsel: | Let's go off the record. [Off record:] I'm not…I'm not gonna do this. |
| Defense Counsel: | Look, he gets to invoke the Fifth Amendment privilege. You can't ask him— |
| Plaintiff's Counsel: | Ok, listen, listen, you are walking yourself into a corner here. If you really want to go down this road, he's waived it multiple times. Ok, so we can litigate it– |
| Defense Counsel: | That's not true. |
| Plaintiff's Counsel: | We can litigate it and we'll win, but until that time, he can answer for himself whether he understands a question. If you say you don't understand a question, you are coaching him, ok? Because as his response indicated, immediately after you said you didn't understand it twice, he said he didn't understand it. He didn't have an opportunity to say any kind of answer, which he was about to before you told him to say, in so many words, that he didn't understand it. We're not going to do that type of thing. |

---

question perfectly well. It was only after Defense Counsel's speaking objection that he changed his answer.

3

Case 1:24-cv-00037    Document 97    Filed 07/16/25    Page 3 of 10 PageID #: 540

| | |
|---|---|
| Defense Counsel: | I certainly didn't, and here's the thing about it Davis, if you want to take that question in front of the Judge and ask if that's a proper question that makes sense, that isn't a compound question, doesn't ask for a conclusion of law, or any of the other various things, then I'm happy to do that. So far it's worked out for us. I expect it will in the future. Now, I understand that you're frustrated that you're not getting all the information that you want to get from him today, but the Fifth Amendment privilege exists, and it is total and it is not waived. |
| Plaintiff's Counsel: | Which he waived. |
| Defense Counsel: | He can answer– |
| Plaintiff's Counsel: | He did not– |
| Defense Counsel: | He can answer, "Denied" to your question— |
| Plaintiff's Counsel: | Alright. |
| Defense Counsel: | I'm not done talking. He can answer, "Denied" to your question, which is, "Are the statements you made in the Documentary true or not?", and say, "No", and still invoke his privilege to not explain that to you. That is how the Fifth Amendment privilege works. It's not waived for every single question that has anything to do with the statements made in the Documentary. |
| Plaintiff's Counsel: | Ok. |
| Defense Counsel: | He does not have to explain it any further. He has a Fifth Amendment privilege. Would you like to go back on the record? |
| Plaintiff's Counsel: | Yeah, let's go back on the record. |
| [...] | |
| Plaintiff's Counsel: | We've just established there are two parts of Paragraph 65 that are true – just to recap the past few questions. One is that Mr. McKamey received an email from his son saying "You absolutely disgust me", we all agree that happened, that is true? |
| Defendant: | Yes. |

4

| | |
|---|---|
| Plaintiff's Counsel: | The other part is, where you say you started a Facebook page called McKamey Manor Exposed, correct? |
| Defendant: | Correct. |
| Plaintiff's Counsel: | Ok, so there's at least two things in Paragraph 65 that we've established are true, right? |
| Defendant: | Yes. |
| Plaintiff's Counsel: | No Fifth Amendment. No denial. Those two things are true? |
| Defendant: | Yes. |
| Plaintiff's Counsel: | So going back to Exhibit 8, the Requests for Admission, and looking at Number 14 right there, remember you denied that the statements in Paragraph 65 of the Complaint were true, but now we've just established that at least two of them are true, so you lied in your response to Request for Admission #14, correct? |
| Defendant: | I plead the Fifth. |
| Defense Counsel: | I'm just going to say objection calls for a legal conclusion. |
| Plaintiff's Counsel: | That he lied? |
| Defense Counsel: | Because it's not. I think you're mischaracterizing your own question, but at the end of the day he's not going to be able to answer a legal question. |
| Plaintiff's Counsel: | Ok. Whether someone lied? |
| Defense Counsel: | Well the question that you asked in the Request Admission was not, "Is every single statement you made in that statement true?", it was "Are the statements in the Documentary?" |
| Plaintiff's Counsel: | Good luck with that. |
| Defense Counsel: | Well, you as well. |
| Plaintiff's Counsel: | I don't care. Let's look at another exhibit. |

5

| | |
|---|---|
| Defense Counsel: | I will say though– |
| Plaintiff's Counsel: | This is a video exhibit. |
| Defense Counsel: | If this does continue to get hostile though, we will ask to end the interview. This is inappropriate behavior. |
| Plaintiff's Counsel: | Ok. |
| Defense Counsel: | Thank you. |
| Plaintiff's Counsel: | Just respond to our sanctions motion. |
| Defense Counsel: | Yeah, I will by the deadline, which has not even come yet. |
| Plaintiff's Counsel: | It has. |
| Defense Counsel: | Well, it doesn't seem like we have anything going against us right now does it? |

[...]

| | |
|---|---|
| Plaintiff's Counsel: | Ok, let's read it again verbatim, you said, "A reasonable person in the modern world having been steeped in technology and made aware of the risks associated with the same would consider the loss of data outrageous or highly offensive", correct? |
| Defendant: | Correct. |
| Plaintiff's Counsel: | Ok, so you're not just denying that no reasonable person would feel that way, you're affirmatively saying that no reasonable person would not feel that way, in your sworn interrogatory, correct? |
| Defendant: | Correct. |
| Plaintiff's Counsel: | Let me ask you this: Do you seriously think that this case is about Mr. McKamey "losing data"? |
| Defendant: | Um– |
| Defense Counsel: | Objection. |
| Plaintiff's Counsel: | This is his statement. He said "...would consider a loss of data..", so do you seriously think this case is about Mr. McKamey "losing data"? |

6

| | |
|---|---|
| Defendant: | Um, maybe not the whole thing. |
| Plaintiff's Counsel: | What do you think the case is about? |
| Defendant: | Um, hacked email. |
| Plaintiff's Counsel: | You understand there's a difference between losing something and having something stolen from you, right? |
| Defendant: | Yes. |
| Plaintiff's Counsel: | Like, for instance, you understand the difference between losing photographs of your girlfriend and having someone break into your house and steal photographs of your girlfriend? |
| Defendant: | Yes. |
| Plaintiff's Counsel: | Which of the two you do you think this case is more similar To? |
| Defense Counsel: | Objection. Relevance. Legal conclusion. Broad. Ambiguous. I mean what are we trying to get at with that question? |

[...]

| | |
|---|---|
| Plaintiff's Counsel: | Watching that clip, you say that you did not literally read what was in several of Mr. McKamey's emails to that audience in the Documentary? |
| Defense Counsel: | Objection. Micharacterization of his testimony. He did not say that. |
| Plaintiff's Counsel: | Ok, let's watch Document— |
| Defense Counsel: | We don't need to watch it. We've watched it three times. That's excessive. |
| Plaintiff's Counsel: | Uh, I'm conducting my deposition, but I appreciate it though. Alright, let's watch it. |
| Defense Counsel: | Alright, objection asked and answered. We've watched this video three times. Four. |

[...]

| | | |
|---|---|---|
| Plaintiff's Counsel: | How is that possible? | |
| Defense Counsel: | Objection asked and answered. | |
| Plaintiff's Counsel: | I haven't asked that question. Ok? I haven't asked how it's possible. | |
| Defense Counsel: | Yes you have. | |
| Plaintiff's Counsel: | I haven't. | |
| Defense Counsel: | Please read back the question that he asked or maybe two questions ago. | |
| Plaintiff's Counsel: | Has he read Exhibit 20? | |
| Defense Counsel: | You have put it on the screen for him. You've shown it to him. You— | |
| Plaintiff's Counsel: | Not in this context. Alright, look, I'm going to conduct my deposition. You note your objections. Otherwise, I'm really not going to keep doing this with you. | |
| Defense Counsel: | Keep doing what? | |
| Plaintiff's Counsel: | Giving you so much slack. | |
| Defense Counsel: | Mmmm– slack. | |
| Plaintiff's Counsel: | You are acting like a child. | |
| Defense Counsel: | That's it. We're done. | |
| Plaintiff's Counsel: | Do you feel that you want to continue? | |
| Defense Counsel: | We are going to move to terminate the deposition. | |

## Discussion

**I.  Given the apparent intractability of the discovery issues, a discovery conference seems necessary.**

Under the circumstances, strict compliance with Local Rule 37.01 regarding a discovery statement is unfortunately not possible.

Defendant Yerace was already under Court Order to be present for his deposition today after considerable and extended effort to secure his appearance. His baseless termination of the deposition wastes such efforts. In addition to the baselessness of his termination today, defense counsel further obstructed what progress could be made prior to the termination. Defense counsel engaged in repeated speaking objections after repeated requests not to do so and repeatedly instructed Defendant to invoke the Fifth Amendment to questions despite Defendant having denied the same questions in written discovery without invoking the Fifth Amendment. (*See Cullen v. Nissan N. Am., Inc.*, 3-09-0180, 2010 U.S. Dist. LEXIS 152545, *18 (M.D. Tenn. Feb. 2, 2010) (holding "counsel did cross the threshold into coaching his client during the deposition.").

Mr. McKamey simply wants to move this case forward. Instead of seeking additional sanctions, he respectfully requests this Honorable Court hold a brief discovery conference to help the case proceed.

**Respectfully submitted,**

/s/ Davis F. Griffin
*Davis Fordham Griffin, Esq.*
(TBPR #34555)
NORTHSTAR LITIGATION, P.C.
209 10th Avenue South, Suite 560
Nashville, TN 37203
T: (615) 866-1156
F: (615) 866-0990
davis@northstarpc.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served via this Court's electronic filing system this 15th day of July 2025 on the following:

Chelsey A. Stevenson, Esq.
RUDD LAW OFFICES
611 Commerce St. Ste. 2613
Nashville, TN 37203
chelsey@ruddlawoffices.com

*Attorney for Defendant Justice Yerace*

                                                /s/ Davis F. Griffin