# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **RUSS McKAMEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-000037** |
| | ) | **Judge Aleta A. Trauger** |
| **JUSTIN YERACE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum, plaintiff Russ McKamey's Motion for Partial Summary Judgment (Doc. No. 112), which seeks judgment as to liability but not as to the quantification of any damages on each of the claims remaining at issue in this lawsuit, is **GRANTED IN PART AND DENIED IN PART**.

Specifically, the motion is **GRANTED** as to the defendant's liability on Counts Two and Five of the Complaint, which set forth a federal claim for violation of the Stored Communications Act and a Tennessee common law claim for invasion of privacy through unreasonable publicity to private life. The court **FINDS AND ADJUDGES** that the defendant is liable to the plaintiff as a matter of law on these two claims, with the issue of the quantification of damages to be resolved at trial.

The motion is **DENIED** with respect to Counts One, Eight, and Nine of the Complaint, for violation of the federal Computer Fraud and Abuse Act and the Tennessee Personal and Commercial Computer Act, and intentional infliction of emotional distress. Material factual disputes preclude summary judgment for the plaintiff on these claims.

This case remains set for trial on February 17, 2026. However, the court hereby **ORDERS** the parties to engage in a mediation prior to trial, given the rulings herein and a realistic view of what amount of damages the defendant could pay, if any are awarded.

The parties **SHALL** file a joint mediation report by **January 22, 2026** that informs the court of the date of the mediation and the name of the mediator.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge